IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS L. ADAMS,

    Plaintiff,

v.                                        CASE NO. 4:05CV450-MP/AK

MAXIMO VELASCO, et al,

    Defendants.

_____/

## O R D E R

This cause is before the court upon Plaintiff's Motion for Temporary Restraining Order, wherein he seeks injunctive relief from Defendant Dr. Daniel Cherry. (Doc. 57). Specifically, Plaintiff requests that this court order Dr. Cherry, whom Plaintiff claims "has the responsibility as well as the power as Director of PHS (Prison Health Services)," to arrange for him to be examined by an orthopedic specialist. (Doc. 57). Plaintiff's complaint is based on allegations of indifference to his medical care concerning his knee and is brought against several medical personnel at Madison Correctional Institution, where Plaintiff was housed at the time the claims arose, and Dr. Cherry, as Director of Health Services. (Doc. 42). Plaintiff is now housed at New River Correctional Institution and no longer under the medical care of any of the named defendants, including Dr. Cherry, who is **not** the Director of Health Services.[1]

---

[1]According to the Department of Corrections website, the Director is Sandeep R. Rahangdale and Dr. Cherry is not in the administrative hierarchy of health services. See www.dc.state.fl.us/orginfo/health.

The Court has attempted to serve the defendants named in the Second Amended Complaint since September 2007. (Docs. 73 and 80). Summons has been returned executed on all the defendants, except Dr. Cherry, Maximo Velasco, and J.M. Hernandez. (Docs. 91, 92, 93, and 95). Based on information provided in the un-executed returns, service will be attempted a third time by separate order and upon Dr. Cherry at a different institution where he is now employed.

An inmate's claim for injunctive or declaratory relief in a 1983 case is rendered moot upon his transfer to another institution. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), *citing* Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). See also Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986). Plaintiff is now at New River Correctional Institution, Dr. Cherry is employed at Apalachee Correctional Institution, and he is not Director of Health Services, such that he is not responsible for Plaintiff's health care and could not provide the relief sought, even after he is brought into this cause as a party.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Temporary Restraining Order (doc. 57) is deemed **MOOT**.

**DONE AND ORDERED** this  *27th*   day of February, 2008.

                                *s/ A. KORNBLUM*
                                **ALLAN KORNBLUM**
                                **UNITED STATES MAGISTRATE JUDGE**