IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TRAVIS ADAMS,

      Plaintiff,

vs.                                                                    CASE NO. 4:05cv450-MP/AK


MAXIMO VELASCO, et al.,

      Defendants.

_____/

## O R D E R

     This cause is before the Court upon receipt of Defendants' Amended Motion for

Summary Judgment.  (Doc. 121).  This order advises Plaintiff of his burden in opposing

summary judgment.

     "[S]ummary judgment may not be entered against a party unless the court has

strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)."

Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright,

772 F.2d 822, 824-25 (11th Cir. 1985).  This requires that the Court give express 10 day

notice of the summary judgment rules, of the right to file affidavits or other material, and

the consequences of default;  *i.e.*, the fact that final judgment may be entered without a

trial and that the moving party's evidence may be accepted as true if not contradicted by

sworn affidavits.  *Id.*  This order is entered in compliance with Brown and Griffith.

     Plaintiff is advised that in opposing the motion he is the nonmoving party, and as

Plaintiff he bears the burden of proof.  In this situation, Defendants need not negate

Plaintiff's claim.  Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case.  Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial.  Reliance on the pleadings is inadequate. 477 U.S. at 324.  Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

**If Plaintiff believes that discovery is necessary to obtain evidentiary materials before filing a response to Defendants' motion, he shall file a motion for discovery and attach the discovery he proposes to serve upon the Defendants**.

The Court will take the motion for summary judgment under advisement on **August 15, 2008.**  Plaintiff must file all argument and evidence in opposition to summary judgment **before** that date.  If additional time is needed, Plaintiff must file a motion for extension of time (describing why the time is needed and how much time is necessary) **before** the date on which the motion will be taken under advisement.  The file will be referred to the undersigned on that date, and any delay in entry of a report and recommendation after that date will be due to the need to adjudicate motions in other cases which have become ready for adjudication earlier than this case.

Defendants need not file any further materials if they wish to rely upon their motion and materials submitted therewith, but are permitted to do so by the deadline stated above.

Accordingly, it is **ORDERED:**

1.  The parties are advised that the motion for summary judgment will be taken under advisement on **August 15, 2008,** and a report and recommendation will be entered after that date.  They must submit any additional material in support of or opposition to summary judgment before that date.

2.  If Plaintiff wishes to conduct discovery he shall file a motion with the proposed discovery attached within thirty days of this order.

**DONE AND ORDERED** this 13th day of June, 2008.


_s/ A Kornblum_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**