**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TRAVIS L. ADAMS,**

    **Plaintiff,**

**vs.**                                                                                     **CASE NO. 405CV450-MP/AK**

**MAXIMO VELASCO, et al,,**

    **Defendants.**

_____/

**O R D E R**

    Presently before the Court are the following motions: (1) Plaintiff's Motion to Compel Production of Discovery Documents (doc. 133); Plaintiff's Motion to Compel Interrogatories (doc. 134); Plaintiff's Second Motion to Compel (doc. 139); Plaintiff's Motion for Updated Docket Sheet and copy of Document No. 137); Plaintiff's Motion to Compel Discovery Copies (doc. 142); and Plaintiff's Motion of Inquiry. (Doc. 151).

    Plaintiff moved for discovery initially in July 2008. (Doc. 124). His efforts have continued to this date and are still unresolved. From a review of the history of these efforts, it seems that there are no substantive objections to most of the production and Plaintiff has simply tried to inspect and have copied materials to which the Defendants do not object, primarily his medical files. Defendants indicated in their initial response to Plaintiffs' motions to compel that he would be allowed time to review the documents at issue in his motion to compel (doc. 133) and that responses had been served to the

interrogatories at issue in the motion for same (doc. 134).  The Court then directed Plaintiff to advise it of any remaining issues and he filed a motion (doc. 139), wherein he withdrew Document Request No. 10, but stated that he was only allowed to inspect documents responsive to Request No. 5, and although funds had been withdrawn (or were available) for the copying costs of the documents requested in Request Nos. 1 through 9, he had received none of them.  Plaintiff stated that the interrogatory responses had been received making the motion to compel them (doc. 134) MOOT.  Plaintiff moved again (doc. 142) for copies of his medical files, for which he contends he has made the payment arrangements as requested, but he has still not received the copies.  Plaintiff indicates in his most recent motion of inquiry (doc. 151) that he has fully complied with all the requirements for receiving copies and has STILL not gotten them.

The Court anticipated some response from Defendants to these discovery motions, particularly a response that resolved all these issues, but nothing has been forthcoming from the Defendants.  Therefore, the Court hereby directs that the Defendants copy and mail or otherwise have delivered to Plaintiff all the documents requested previously that they did not originally object to and that no further copying costs be sought from Plaintiff.  It is unclear what the status of his payments are at this time, and the Court is not interested in that history, whatever it is the Defendants shall seek no additional costs from him for this discovery.

Accordingly, it is

**ORDERED:**

**No. 405cv450-mp/ak**

1.  Plaintiff's Motion for copies (doc. 140) is **GRANTED**, and the Clerk shall mail to him a copy of the docket sheet and a copy of Document No. 137.

2.  Plaintiff's Motion to compel Interrogatories (doc. 134) is **DEEMED MOOT.**

3.  Plaintiff's Motions (docs. 133, 139, 142, and 151) are **GRANTED**, and Defendants shall on or before **March 13, 2009**, copy and deliver to Plaintiff all documents sought in his request nos. 1 through 9 served previously that were not otherwise objected to.

4.  Plaintiff shall serve a response to the pending motion for summary judgment on or before **March 31, 2009.**

**DONE AND ORDERED** this __2nd__ day of March, 2009.

　　　　　　　　　　　　　　　　　　　_s/ A. KORNBLUM_
　　　　　　　　　　　　　　　　　　　**ALLAN KORNBLUM**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**No. 405cv450-mp/ak**